UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DANIEL BAE,

                                         Plaintiff,

                -against-

CHARM CITY TRUCKING LLC and ROBERT
KENNETH BAUX,

                                      Defendants.

-------------------------------------------------------------X

Civil Action No.:

**NOTICE OF REMOVAL**

**TO:**     **THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446 et. seq., Defendants CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, respectfully removes to this Court the within action, which was commenced in the Supreme Court of the State of New York, County of Queens, under Index Number 720237/2021. As grounds for removal, Defendants, by their attorneys, GALLO VITUCCI KLAR, LLP, respectfully states:

1.      Plaintiff commenced this action by purchasing an Index Number and filing a Summons and Complaint in the Supreme Court of the State of New York, County of Queens, on or about September 9, 2021. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit "A". The Complaint asserts causes of action against CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, sounding in negligence and seeking an unspecified amount of damages in an amount which "exceeds the jurisdictional limits of all lower Courts which otherwise have jurisdiction." See, Exhibit "A" at ¶ 55.

2.      The Summons and Complaint, annexed hereto as Exhibit "A", CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX's Verified Answer, annexed hereto as Exhibit "B," constitute "all process, pleadings and orders" known to have been served in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a).

3.      This is a civil action in which the United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.  The Summons and Complaint indicate that plaintiff is a citizen of the State of New York and resides in Queens County. See Exhibit "A."

4.      At the time of the commencement of the action and at all times in this lawsuit, defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, was, and still is, a citizen of the State of Maryland, residing at 1314 Pine Grove Avenue, Rosedale, Maryland 21237. See Exhibit "C" Report of Motor Vehicle Accident (MV-104). As a result, upon information and belief, there is complete diversity of citizenship between the plaintiff and the defendant herein.

5.      On March 10, 2022, a Demand for Statement of Damages was served upon Plaintiff's Counsel. Plaintiff asserts a claim of one million dollars ($1,000,000.00) for future medical care. This allegation asserts damages in excess of the statutory minimum required under removal statutes.  See Exhibit "D."

6.      A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).

7.      A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Queens, as provided by 28 U.S.C. § 1446(d).

8.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

**WHEREFORE**, defendants CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX pray that this action be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
        May 9, 2022

Yours etc.,

GALLO VITUCCI KLAR LLP

By: Matthew J. Vitucci, Esq.
*Attorneys for Defendants*
90 Broad Street, Suite 1202
New York, NY 10004
(212) 683-7100
mvitucci@gvlaw.com
File No.: CI.2022002

To:
        SACKSTEIN SACKSTEIN & LEE, LLP
        *Attorneys for Plaintiff*
        1140 Franklin Avenue, Suite 210
        Garden City, NY 11530
        (516) 248-2234
        mdecicco@sacksteinlaw.com

# EXHIBIT A

Case 1:22-cv-02656-RPK-RLM Document 1 Filed 05/09/22 Page 5 of 40 PageID #: 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

DANIEL BAE,

                                    Plaintiff,

            -against-

CHARM CITY TRUCKING LLC and ROBERT
KENNETH BAUX,

                                    Defendants.

-------------------------------------------------------------------X

**To the above-named Defendant(s):**

Date of Purchase
and Filing:

Index No.:

Plaintiff designates
**Queens County**
as the place of trial
of this action.

**S U M M O N S**

The basis of venue is the
Plaintiff's place of residence.

The Plaintiff resides at:
173-40 47th Avenue
Flushing, New York 114358

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer on the Plaintiff's attorneys within twenty (20) days after the service of
this Summons, exclusive of the day of service of this Summons, or within thirty (30) days after
service of this Summons is complete if this Summons is not personally delivered to you within
the State of New York. In case of your failure to answer this Summons, a judgment by default
will be taken against you for the relief demanded in the Complaint, together with the costs of this
action.

Dated: Garden City, New York
            September 9, 2021

                                    Yours, etc.,

                                    SACKSTEIN SACKSTEIN & LEE, LLP

                                    By: Mark J. DeCicco, Esq.
                                    Attorneys for Plaintiff
                                    1140 Franklin Avenue, Suite 210
                                    Garden City, New York 11530
                                    (516) 248-2234

Case 1:22-cv-02656-RPK-RLM Document 1 Filed 05/09/22 Page 6 of 40 PageID #: 6

**Defendants' addresses:**

CHARM CITY TRUCKING LLC – c/o Secretary of State of the State of New York **(Pursuant to NYS VTL § 253)**

Said Defendant's Mailing Addresses:
      Charm City Trucking LLC
      3717 Boston Street, Suite 313
      Baltimore, Maryland 21224

      Charm City Trucking LLC
      1228 Damsel Road
      Baltimore, Maryland 21221

      Charm City Trucking LLC
      1314 Pine Grove Avenue
      Rosedale, Maryland 21237

ROBERT KENNETH BAUX – c/o Secretary of State of the State of New York **(Pursuant to NYS VTL § 253)**

Said Defendant's Mailing Address:
      Robert Kenneth Baux
      1314 Pine Grove Avenue
      Baltimore, Maryland 21237

Case 1:22-cv-02656-RPK-RLM   Document 1   Filed 05/09/22   Page 7 of 40 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------X

DANIEL BAE,                                                   Index No.:

                              Plaintiff,

                    -against-                                 **VERIFIED COMPLAINT**

CHARM CITY TRUCKING LLC and ROBERT
KENNETH BAUX,

                              Defendants.

-----------------------------------------------------------------------X

      Plaintiff, complaining of the Defendants, by his attorneys, SACKSTEIN SACKSTEIN &

LEE, LLP, alleges upon information and belief and at all times hereinafter mentioned as follows:

      1.     That at the time of the commencement of the within action, the Plaintiff,

DANIEL BAE, was a resident of the County of Queens, State of New York.

      2.     That at all times herein mentioned, the Defendant, CHARM CITY TRUCKING

LLC, was and still is a limited liability company, duly organized and existing under, pursuant to

and/or by virtue of the laws of the State of New York.

      3.     That at all times herein mentioned, the Defendant, CHARM CITY TRUCKING

LLC, was and still is a limited liability company, duly organized and existing under, pursuant to

and/or by virtue of the laws of the State of Maryland.

      4.     That at all times herein mentioned, the Defendant, CHARM CITY TRUCKING

LLC, was and still is a limited liability company, duly authorized to do, conduct and/or transact

business within the State of New York.

Case 1:22-cv-02656-RPK-RLM   Document 1   Filed 05/09/22   Page 8 of 40 PageID #: 8

5.     That at all times herein mentioned, the Defendant, CHARM CITY TRUCKING LLC, was and still is a limited liability company, duly authorized to do, conduct and/or transact business within the State of New York, under, pursuant to and/or by virtue of the laws of the State of New York.

6.     That at all times herein mentioned, the Defendant, CHARM CITY TRUCKING LLC, was and still is a limited liability company, doing, conducting and/or transacting business and/or rendering and/or providing services within the State of New York.

7.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the owner of a motor vehicle bearing State of Maryland Registration Number 847F87.

8.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the owner of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

9.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the owner of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144.

10.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the owner of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144, which was involved in a contact with another motor vehicle on February 25, 2021.

11.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the registrant of a motor vehicle bearing State of Maryland Registration Number 847F87.

Case 1:22-cv-02656-RPK-RLM Document 1 Filed 05/09/22 Page 9 of 40 PageID #: 9

12.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the registrant of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

13.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the registrant of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144.

14.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the registrant of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144, which was involved in a contact with another motor vehicle on February 25, 2021.

15.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the lessee of a motor vehicle bearing State of Maryland Registration Number 847F87.

16.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the lessee of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

17.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the lessee of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144.

18.     That on or about February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the lessee of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144, which was involved in a contact with another motor vehicle on February 25, 2021.

Case 1:22-cv-02656-RPK-RLM   Document 1   Filed 05/09/22   Page 10 of 40 PageID #: 10

19.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the owner of a motor vehicle bearing State of Maryland Registration Number 847F87.

20.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the owner of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

21.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the owner of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144.

22.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the owner of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144, which was involved in a contact with another motor vehicle on February 25, 2021.

23.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the registrant of a motor vehicle bearing State of Maryland Registration Number 847F87.

24.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the registrant of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

25.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH, was the registrant of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144.

26.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the registrant of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144, which was involved in a contact with another motor vehicle on February 25, 2021.

27.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the lessee of a motor vehicle bearing State of Maryland Registration Number 847F87.

28.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the lessee of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

29.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the lessee of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144.

30.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the lessee of a motor vehicle bearing Vehicle Identification Number 1FUJGLDR5ASAR0144, which was involved in a contact with another motor vehicle on February 25, 2021.

31.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of a motor vehicle bearing State of Maryland Registration Number 847F87.

32.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of a motor vehicle bearing State of Maryland Registration Number 847F87, which was involved in a contact with another motor vehicle on February 25, 2021.

Case 1:22-cv-02656-RPK-RLM   Document 1   Filed 05/09/22   Page 12 of 40 PageID #: 12

33.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the Defendant, CHARM CITY TRUCKING LLC.

34.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the Defendant, CHARM CITY TRUCKING LLC, the owner thereof.

35.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the Defendant, CHARM CITY TRUCKING LLC, the registrant thereof.

36.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the Defendant, CHARM CITY TRUCKING LLC, the lessee thereof.

37.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the owner thereof.

38.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration

INDEX NO. 720237/2021
RECEIVED NYSCEF: 09/09/2021

Number 847F87, and was operating said motor vehicle with the permission and consent of the registrant thereof.

39.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the lessee thereof.

40.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was an employee of the Defendant, CHARM CITY TRUCKING LLC.

41.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was an agent and/or servant of the Defendant, CHARM CITY TRUCKING LLC.

42.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle while acting within the course of his employment.

43.     That on or about February 25, 2021, the Defendant, ROBERT KENNETH BAUX, was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle while acting within the course of his employment for the Defendant, CHARM CITY TRUCKING LLC.

44.     That on or about February 25, 2021, the Plaintiff, DANIEL BAE, was the operator of a motor vehicle bearing State of New York Registration Number JRT4191.

45.    That at all times herein mentioned, the westbound Long Island Expressway, at, about, near and/or in the vicinity of Exit Number 18/Maurice Avenue, in the County of Queens, State of New York, was and still is a public highway.

46.    That on or about the 25th day of February, 2021, the Defendants', CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, aforesaid motor vehicle, bearing State of Maryland Registration Number 847F87, came into contact with the aforesaid motor vehicle operated by the Plaintiff, DANIEL BAE, bearing State of New York Registration Number JRT4191.

47.    That on or about the 25th day of February, 2021, the Defendants', CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, aforesaid motor vehicle, bearing State of Maryland Registration Number 847F87, came into contact with the aforesaid motor vehicle operated by the Plaintiff, DANIEL BAE, bearing State of New York Registration Number JRT4191, at, about and/or upon the westbound Long Island Expressway, at, about, near and/or in the vicinity of Exit Number 18/Maurice Avenue, in the County of Queens, State of New York.

48.    That as a result of the aforesaid collision, the Plaintiff, DANIEL BAE, was caused to sustain certain severe, serious and permanent personal injuries.

49.    That the said accident and the injuries to the Plaintiff, DANIEL BAE, resulting therefrom, were caused and sustained solely and wholly as a result of the carelessness and negligence on the part of the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, their agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and/or control of their aforesaid motor vehicle; in that the Defendant, ROBERT KENNETH BAUX, caused, permitted and/or allowed his aforesaid motor vehicle to be operated over and along the aforementioned public highway in

a careless and negligent manner so as to cause his aforesaid motor vehicle to hit, strike, run

into, collide with and/or come into contact with the aforesaid motor vehicle operated by the

Plaintiff, DANIEL BAE; in that the Defendant, ROBERT KENNETH BAUX, carelessly and

negligently caused and permitted his aforesaid motor vehicle to be operated over and along the

aforementioned public highway at a high and excessive rate of speed and/or at a greater rate of

speed than care and caution permitted under the circumstances then and there existing; in that the

Defendants operated their aforesaid motor vehicle while same was in a broken and defective

condition and/or in a state of disrepair with notice and knowledge thereof; in that the Defendants

failed to comply with all of the applicable laws, statutes, rules, regulations and/or ordinances of

the State and/or City of New York governing vehicular traffic; in that the Defendants carelessly

and negligently failed and omitted to provide and/or make timely and prompt use of adequate

and efficient brakes, signaling devices, horns and steering mechanisms; in that the Defendant,

ROBERT KENNETH BAUX, carelessly and negligently failed and omitted to keep and

maintain a proper lookout, and to be reasonably alert; in that the Defendant, ROBERT

KENNETH BAUX, operated his aforesaid motor vehicle in disregard of traffic conditions then

and there existing; in that the Defendants' aforesaid motor vehicle gave no signal or warning of

its approach prior to the subject accident; in that the Defendant, ROBERT KENNETH BAUX,

failed to have his aforesaid motor vehicle under reasonable and proper control at the time of the

subject accident and shortly prior thereto; in that the Defendant, ROBERT KENNETH BAUX,

negligently and carelessly hit, struck, ran into, collided with, came into contact with and/or "side-

swiped" the aforesaid motor vehicle operated by the Plaintiff, DANIEL BAE; in that the

Defendant, ROBERT KENNETH BAUX, carelessly and negligently caused, allowed and/or

permitted his aforesaid motor vehicle to hit, strike, run into, collide with, come into contact with

and/or "side-swipe" the aforesaid motor vehicle operated by the Plaintiff, DANIEL BAE; in that

the Defendant, ROBERT KENNETH BAUX, failed to see and observe that which was there to

be seen and observed; in that the Defendant, ROBERT KENNETH BAUX, failed to yield to,

stop for and/or avoid the aforesaid motor vehicle operated by the Plaintiff, DANIEL BAE; in that

the Defendant, ROBERT KENNETH BAUX, failed to yield the right of way to the aforesaid

motor vehicle operated by the Plaintiff, DANIEL BAE; in that the Defendant, ROBERT

KENNETH BAUX, failed to keep his aforesaid motor vehicle within its lane of travel; in that the

Defendant, ROBERT KENNETH BAUX, negligently and carelessly failed to keep his aforesaid

motor vehicle within its lane of travel; in that the Defendant, ROBERT KENNETH BAUX,

failed to keep his aforesaid motor vehicle within its designated lane of travel; in that the

Defendant, ROBERT KENNETH BAUX, negligently and carelessly failed to keep his aforesaid

motor vehicle within its designated lane of travel; in that the Defendant, ROBERT KENNETH

BAUX, negligently and carelessly changed and/or attempted to change his lane of travel, at or

about the time and location of the subject accident; in that the Defendant, ROBERT KENNETH

BAUX, changed and/or attempted to change his lane of travel, at or about the time and location

of the subject accident, when it was unsafe, dangerous, hazardous and/or imprudent to do so; and

the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, their

agents, servants and/or employees, were otherwise careless and negligent in failing and omitting

to take proper and suitable precautions to avoid the said accident and collision.

    50.    That by reason of the foregoing, and the wrongful, unlawful and negligent acts

and omissions on the part of the Defendants, CHARM CITY TRUCKING LLC and ROBERT

KENNETH BAUX, their agents, servants and/or employees, as aforesaid, the Plaintiff, DANIEL

BAE, was rendered sick, sore, lame and disabled and was seriously and permanently injured and

so remains; suffered and will continue to suffer agony in body and mind; was unable to pursue his regular activities and vocation for a long period of time; was and will be compelled to secure medical aid and medicines in an effort to cure or minimize his injuries and was compelled to expend and become liable for diverse sums of money in an effort to cure himself of his injuries, and since some of his injuries are believed to be of a permanent and lasting nature, upon information and belief, he will continue to be so deprived and so liable for damages in the future.

51.     That the aforesaid collision and the injuries to the Plaintiff, DANIEL BAE, resulting therefrom, were caused and sustained solely and wholly by reason of the carelessness and negligence on the part of the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, their agents, servants and/or employees.

52.     That the aforesaid collision and the injuries to the Plaintiff, DANIEL BAE, resulting therefrom, were in no way caused by the carelessness, negligence, wrongdoing and/or want of care on the part of the Plaintiff, DANIEL BAE, contributing thereto.

53.     That as a result of the aforesaid, the Plaintiff, DANIEL BAE, sustained serious personal injuries, resulting in basic economic loss and non-economic loss, as defined under the Insurance Law of the State of New York and has the right of recovery against the Defendants herein for personal injuries, basic economic loss and non-economic loss, pursuant to §§ 5102 and 5104 of the Insurance Law of the State of New York.

54.     That one or more of the exceptions to CPLR Article 16, as set forth in CPLR §1602, are applicable to the instant cause of action, including, but not limited to, CPLR §1602, subdivision (6).

Case 1:22-cv-02656-RPK-RLM   Document 1   Filed 05/09/22   Page 18 of 40 PageID #: 18

55.     That as a result of the foregoing, the Plaintiff, DANIEL BAE, has been damaged

in an amount of damages that exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff, DANIEL BAE, herein demands judgment against the

Defendants in an amount of damages that exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction, together with the costs and disbursements of this

action.

Dated: Garden City, New York
        September 9, 2021

                                Yours, etc.,

                                SACKSTEIN SACKSTEIN & LEE, LLP

                                By: Mark J. DeCicco, Esq.
                                Attorneys for Plaintiff
                                1140 Franklin Avenue, Suite 210
                                Garden City, New York 11530
                                (516) 248-2234

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NASSAU    )

The undersigned, an attorney duly admitted to practice in the Courts of New York State, shows:

Deponent is an associate with the law firm of the attorneys of record for the Plaintiff in the within action; Deponent has read the foregoing Complaint and knows the contents thereof; the same is true to Deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters Deponent believes them to be true.

This Verification is made by Deponent and not by the Plaintiff by reason of the fact that the Plaintiff does not reside in the County wherein Deponent has his office.

Dated: Garden City, New York
       September 9, 2021

MARK J. DECICCO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

DANIEL BAE,

Plaintiff,

-against-

CHARM CITY TRUCKING LLC and ROBERT
KENNETH BAUX,

Defendants.

**SUMMONS and VERIFIED COMPLAINT**

SACKSTEIN SACKSTEIN & LEE, LLP
Attorneys for Plaintiff(s)
1140 Franklin Avenue - Suite 210
Garden City, New York 11530
(516) 248-2234

To:
*Attorneys for* Defendants

Service of a copy of the within
is hereby admitted.

Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐        that the within is a (certified) true copy of a
entered in the office of the clerk of the within named court on

NOTICE OF
ENTRY

☐        that an Order of which the within is a true copy will be presented
for settlement to the Hon.                                    one of the
judges of the within named Court.

NOTICE OF
SETTLEMENT

Dated:

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x

DANIEL BAE,                                                Index No.: 720237/2021

                                    Plaintiff,            **VERIFIED ANSWER TO**
                                                          **VERIFIED COMPLAINT**
               - against -

CHARM CITY TRUCKING LLC
and ROBERT KENNETH BAUX,

                                    Defendants.
-------------------------------------------------------------------x

      Defendants CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX by and through their attorneys, GALLO VITUCCI KLAR LLP answering the Verified Complaint of Plaintiff, respectfully state and allege, upon information and belief as follows:

      1.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "44", "45", "46" and "47" of the Verified Complaint.

      2.     Deny each and every allegation contained in paragraphs "2", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "48", "49", "50", "51", "52", "53","54" and "55" of the Verified Complaint.

      3.     Deny each and every allegation contained in paragraph "8" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the owner of a motor vehicle bearing State of Maryland Registration Number 847F87.

      4.     Deny each and every allegation contained in paragraph "10" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the owner of a motor vehicle bearing Identification Number 1FUJLDR5ASAR0144.

5.     Deny each and every allegation contained in paragraph "12" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the registrant of a motor vehicle bearing State of Maryland Registration Number 847F87.

6.     Deny each and every allegation contained in paragraph "14" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, CHARM CITY TRUCKING LLC, was the registrant of a motor vehicle bearing Identification Number 1FUJLDR5ASAR0144.

7.     Deny each and every allegation contained in paragraph "32" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, ROBERT KENNETH BAUX was the operator of a motor vehicle bearing State of Maryland Registration Number 847F87.

8.     Deny each and every allegation contained in paragraph "36" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, ROBERT KENNETH BAUX was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87, and was operating said motor vehicle with the permission and consent of the Defendant, CHARM CITY TRUCKING LLC..

9.     Deny each and every allegation contained in paragraph "39" of the Verified Complaint, but admit that on February 25, 2021, the Defendant, ROBERT KENNETH BAUX was the operator of the aforesaid motor vehicle bearing State of Maryland Registration Number 847F87.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10.     That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint therein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.     That by entering into the activity in which the Plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.     The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.     That the injuries and/or damages allegedly sustained by the Plaintiff was caused, in whole or in part, by the failure of the Plaintiff to utilize and/or properly utilize available seat belts and/or other safety devices available.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.     Pursuant to CPLR 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event answering Defendants hereby plead in mitigation of damages the assessment of any such cost or

expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.     Answering Defendants are entitled to limitation of liability pursuant to Article 16 of the CPLR.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.     The Verified Complaint fails to state a cause of action, cognizable in equity or law against the answering Defendants and must therefore be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.     That the action against the answering Defendants cannot be prosecuted due to the Plaintiff's failure to name and likewise prosecute an indispensable party to this litigation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19.     The injuries and damages alleged, all of which are denied by the answering Defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20.     A.     The accident described in the Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B.     The Plaintiff did not sustain serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21.     The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

**WHEREFORE**, Defendants CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX demand judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
       March 9, 2022

Yours etc.,

GALLO VITUCCI KLAR LLP

_____

By:   Ryan Y. Gerspach, Esq.
*Attorneys for Defendants*
*Charm City Trucking LLC*
*and Robert Kenneth Baux*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100

File No.: CI.2022002
Email: rgerspach@gvlaw.com

TO:

SACKSTEIN SACKSTEIN & LEE, LLP
*Attorney for Plaintiff*
*Daniel Bae*
1140 Franklin Avenue, Suite 210
Garden City, New York 11530
(516) 248-2234

**<u>ATTORNEY VERIFICATION</u>**

STATE OF NEW YORK        )
                                  ) ss.:
COUNTY OF NEW YORK     )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is an associate with the firm of GALLO VITUCCI KLAR LLP attorneys for Third-Party Defendants CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by your deponent and not by the Third-Party Defendants are that said party resides outside the county in which your deponent maintains his office.

That the source of your deponent's information and the grounds of the belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
       March 9, 2022

_____
                         RYAN Y. GERSPACH

## **AFFIDAVIT OF SERVICE VIA NYSCEF**

Claudette Garraud, being duly sworn, deposes and says that she is not a party to the within action, is over the age of 18 years and resides in the County of Queens, and that on the on the 10th day of March, 2022 served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

SACKSTEIN SACKSTEIN & LEE, LLP
*Attorney for Plaintiff*
*Daniel Bae*
1140 Franklin Avenue, Suite 210
Garden City, New York 11530
(516) 248-2234

_____
Claudette Garraud

Sworn to before me this
10th day of March, 2022

_____
Notary Public

---

**Mary Thompson**
**Notary Public – State of New York**
**No. 01TH6044466**
**Qualified in Richmond County**
**Commission Expires on July 3, 2022**

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                    INDEX NO.: 720237/2021

DANIEL BAE,

                        Plaintiff,

        - against -

CHARM CITY TRUCKING LLC
and ROBERT KENNETH BAUX,

                        Defendants.

---

## VERIFIED ANSWER TO VERIFIED COMPLAINT

---

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Charm City Trucking LLC and Robert Kenneth Baux*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100
File No.: CI.2022002
Email: rgerspach@gvlaw.com

# EXHIBIT C

MV-104 (5/11) **PAGE 1 of 2**

FOLD ➝ ⬍ ⬅ HERE

Use only for accidents that happen in New York State

New York State Department of Motor Vehicles
**REPORT OF MOTOR VEHICLE ACCIDENT**
www.dmv.ny.gov

*BEFORE COMPLETING THIS FORM, READ THE INSTRUCTIONS IN SECTION A ON PAGE 2*

**DO NOT FORGET ACCIDENT DATE** — Page ___ of ___ □ **RUSH - DRIVER OF VEHICLE 1 - LICENSE SUSPENDED FOR FAILURE TO REPORT**

| Accident Date Month 2 Day 25 Year 2021 | Day of Week Thursday | Time 11:00 ☑ AM □ PM | Number of Vehicles 2 | Number Injured 2 | Number Killed 0 | Did police investigate accident at scene? □ Yes ☑ No | If 'Yes', Name of Police Agency or Precinct & Accident Number |
|---|---|---|---|---|---|---|---|

| | DRIVER OF VEHICLE 1 | | | | ☑ VEHICLE 2 | □ PEDESTRIAN | □ BICYCLIST | □ OTHER PEDESTRIAN |

**❶** 
| Driver License ID Number 886973 451 | State of License NY | Driver License ID Number B-200 - 145 - 465 - 643 | State of License MD |

| Driver Name—exactly as printed on license (Last, First, M.I.) Bae Daniel | Name—exactly as printed on license (Last, First, M.I.) Baux, Robert Kenneth |

| Address (Include Number & Street) 173-40 47th Avenue | Apt. Number | Address (Include Number & Street) 1314 Pine Grove Avenue | Apt. Number |

| City or Town Flushing | State NY | Zip Code 11358 | City or Town Baltimore | State MD | Zip Code 21237 |

| Date of Birth Month 1 Day 30 Year 995 | Sex M | Number of People in Vehicle 1 | Public Property Damaged □ | Date of Birth Month 8 Day 7 Year 964 | Sex M | Number of People in Vehicle 1 | Public Property Damaged □ |

**❷ REGISTRANT**
| Name—exactly as printed on registration S/A/A | Date of Birth Month Day Year | Sex | Name—exactly as printed on registration Charm City Trucking LLC | Date of Birth Month Day Year | Sex U |

| Address (Include Number & Street) | Apt. Number | Address (Include Number & Street) 1314 Pine Grove Avenue | Apt. Number |

| City or Town | State | Zip Code | City or Town Rosedale | State MD | Zip Code 21237 |

| Plate Number JRT4191 | State of Reg. NY | Vehicle Year & Make 2015 ME/BE | Vehicle Type Sedan | Ins. Code 325 | Plate Number 84HF 57 | State of Reg. MD | Vehicle Year & Make 2010 FRHT | Vehicle Type Truck Tractor | Ins. Code |

**❸** 
| Estimated Cost of Property Damage - Vehicle 1 □ $1,001-$1,500  □ $1,501-$2,500  □ Over $2,500 | Estimated Cost of Property Damage - Vehicle 2 □ $1,001-$1,500  □ $1,501-$2,500  □ Over $2,500 |

**❹ VEHICLE DAMAGE**

| Describe damage to vehicle 1 Driver's side - Front, Mid, & Back Driver's side mirror | ACCIDENT DIAGRAM: Circle one of the 9 diagrams (numbered 0-8) if it describes the accident, or draw your own diagram below in space #9. Number the vehicles. Your vehicle is #1 | Describe damage to vehicle 2 Unknown |

Please see diagram #1

| 0. | 1. Left Turn | 2. Rear End | 3. Sideswipe (same direction) |
| 3. Left Turn | 4. Right Angle | 5. Right Turn |
| 6. Right Turn | 7. Head On | 8. Sideswipe (opposite direction) |

**❺ ACCIDENT LOCATION**

Place Where Accident Occurred in New York State:

County Queens  □ City □ Village □ Town of ___

Road on which accident occurred west bound Interstate 495 Long Island Expressway near Exit 18 (Route Number or Street Name)

at □ 1) intersecting street ___ (Route Number or Street Name)

or □ 2) ___ Feet ___ Miles  □ N □ S □ E □ W of ___ (Milepost, Nearest intersecting Route Number or Street Name)

How did the accident happen? I was the operator of motor vehicle #1 when the operator of motor vehicle #2 carelessly and negligently struck my vehicle.

**❻ ALL INVOLVED**

| Names of All Persons Involved | 8. Which Veh. Occupied | 9. Position in/on Vehicle | 10. Safety Equip. Used | 12. Age | 13. Sex | 15. Injury A | B | C | Describe Injuries | If Deceased, Enter Date of Death |
|---|---|---|---|---|---|---|---|---|---|---|
| Daniel Bae | 1 | 1 | 4 | 26 | M | | | | Multiple injuries | Unknown |
| Robert Kenneth Baux | 2 | 1 | | 56 | M | | | | Full extent unknown | |

**❼ INSURANCE**

Identify Damaged Property Other Than Vehicle(s)

| Name of Insurance Company That Issued Policy For Vehicle 1 Travelers Personal Insurance Company | VIN WDGJ7HBIFG367604 | Policy Number 6068103582031 |

| Name and Address of Policy Holder S/A/A | Policy Period From ___ To ___ |

| If Vehicle was Operated Under Permit (IDC, USDOT or NYSDOT), give No. | Name and Address of Permit Holder | | |

| If Self-Insured, give Certificate No. | and State |

| Date 3/31/2021 | Print Name of Driver (or Representative*) of Vehicle 1 Daniel Bae | Signature of Driver (or Representative*) of Vehicle 1 |

★ A representative may sign for the driver if the driver is unable to sign because of injury or death. If you are signing as the driver's representative, check the box that describes why the driver cannot sign.  □ Injury  □ Death

An accident report is not considered complete and filed unless it is signed, and if not signed may result in the suspension of your driver's license.

**2/14/2022 11:12:31 AM**

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------------X

DANIEL BAE,

                      Plaintiff,

          -against-

CHARM CITY TRUCKING LLC and
ROBERT KENNETH BAUX,

                 Defendants.

--------------------------------------------------------------------------------X

Index No.: 720237/2021

**PLAINTIFF'S RESPONSE
TO DEFENDANTS'
COMBINED DISCOVERY
DEMANDS**

Plaintiff, DANIEL BAE, by his attorneys, SACKSTEIN, SACKSTEIN & LEE, LLP, as and for his Response to Defendants' Combined Discovery Demands, pursuant to the demands of the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, states as follows:

### 1.   DEMAND PURSUANT TO MANDATORY INSURER REPORTING LAW

Not applicable. The Plaintiff, DANIEL BAE, was not and is not a Medicare and/or Medicaid recipient, nor is he Medicare eligible. As such, Medicare and/or Medicaid have not and are not expected to pay any medical expenses related to the subject accident and the injuries resulting therefrom.

### 2.   DEMAND FOR PRIOR AND/OR SUBQUENT INJURY INFORMATION

Not applicable. The Plaintiff, DANIEL BAE, has not been involved in any prior and/or subsequent accidents wherein he injured the parts of his body claimed to be injured as a result of the subject accident.

### 3.   DEMAND FOR LITIGATION FUNDING CO. INFORMATION/DOCUMENTS

The Plaintiff, DANIEL BAE, objects to the Defendants' demand for copies of all documents (whether paper or electronic) that refer to  the above-captioned lawsuit and any loan or similar transfer of money (in any form), to the Plaintiff, whether currently received or received in the future, including, but not limited to, any such loan or similar transfer from any person or entity in the business of making such loans or similar transfers in connection with lawsuits, in that same is irrelevant to the Plaintiff's claims for personal injuries or the defense of the instant action.

> "CPLR Section 3101 provides that 'there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action regardless of the burden of proof...' In seeking the Law Cash authorization movant's counsel alleges that the subject loan effects the possible disposition of the case and would effect any settlement or verdict. This court disagrees with counsel's assessment. In seeking this information counsel has embarked on a fishing expedition. The material sought is neither material or necessary to the defense of the action. The court knows of appellate case which would require plaintiff to provide the authorization sought. Movant contends that the legislature has sought to regulate the activities of funding companies in

personal injury lawsuits.  While the legislature has seen fit to protect plaintiffs from unscrupulous funding companies via the Structured Settlement Protection Act (SSPA), that statute involves situations where one seeks to sell a structured settlement to a funding company in exchange for a lump sum. The SSPA has nothing to do with the type of loan at issue in this case. The subject loan is not part of plaintiff's damages, defendants are not parties to it, and do not have to satisfy the loan.  Plaintiff's Law Cash loan is simply not relevant to plaintiff's claims or the defense of this action." (See <u>Cabrera vs. 1279 Morris LLC,</u> 306032/10, NYLJ 1202591426566, at *1 (Sup. Bx, Decided January 31, 2013) (Hon. Justice Larry S. Schachner).

Notwithstanding the Plaintiff's objection, the Plaintiff, DANIEL BAE, has not procured any funding loans and/or money transfers, with regard to the instant action, nor have any such funding loans and/or money transfers, with regard to the instant action, been procured by anyone since the Plaintiff's, DANIEL BAE, subject accident.

4.     **DEMAND FOR COVID REMOTE MEDICAL TREATMENT**

Not applicable. Upon information and belief, the Plaintiff, DANIEL BAE, has not received Covid Remote Medical Treatment in relation to the injuries sustained as a result of the subject accident.

5.     **DEMAND FOR SOCIAL MEDIA INFORMATION**

The Plaintiff, DANIEL BAE, objects to this demand for social media on the grounds that it is overbroad, vague, irrelevant, privileged, a "fishing expedition", lacks a factual predicate or a good faith basis for the request, has no proper foundation laid, unduly burdensome, an invasion of privacy, palpably improper, and not reasonably calculated to lead to the discovery of admissible evidence pursuant to <u>Formañ vs. Henkin,</u> 30 N.Y.3d 656 (Court of Appeals, 2018) and <u>Castano vs. The Greenpoint Savings Bank and Capital One Financial Corporation,</u> (Supreme Court: Queens County, Index No.: 715655/2017, 2019), as well as <u>McCann vs. Harleysville Ins. Co. of New York,</u> 910 N.Y.S.2d 614 (N.Y. App. Div. 2010) and <u>Tapp vs. New York State Urban Development Corp.,</u> 102 A.D.3d 620 (1st Dept. 2013), which holds that mere possession or utilization of a social media account is an insufficient basis to compel the Plaintiff, DANIEL BAE, to provide access to any account, if any. ("That being said, we agree with other courts that have rejected the notion that commencement of a personal injury action renders a party's entire Facebook account automatically discoverable.  Directing disclosure of a party's entire Facebook account is comparable to ordering discovery of every photograph or communication that party shared with any person on any topic prior to or since the incident giving rise to litigation—such an order would be likely to yield far more non-relevant than relevant information. Even under the broad disclosure paradigm, litigants are protected from unnecessarily onerous application of the discovery statutes").

6.     **DEMAND FOR EMPLOYMENT AUTHORIZATION**

At the time of the subject accident and presently, the Plaintiff, DANIEL BAE, was and is a Shipping Manager, employed by:

Modern Joa Trading Inc.
58-58 56th Drive
Maspeth, New York 11378.

Annexed hereto is a duly executed, written and acknowledged authorization permitting the attorneys for the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, to obtain and make copies of the Plaintiff's, DANIEL BAE, employment file and/or records, limited to his attendance records and medical file, if any, for the years 2019 to the present time, from Modern Joa Trading Inc.

7.   **DEMAND FOR MEDICAL AUTHORIZATIONS FOR THE YEARS 2019 TO PRESENT**

With regards to the demand for authorizations for the Plaintiff's, DANIEL BAE, medical records from the year 2019 to the present time, please be advised that the Plaintiff, DANIEL BAE, objects to those portions of the demand that may be deemed to call for discovery of information involving unrelated illnesses and treatments to areas of the body not affirmatively placed into controversy by the Plaintiff, DANIEL BAE, as the Plaintiff, DANIEL BAE, does not waive the physician-patient privilege with respect to unrelated illnesses and/or injuries (See Sadicario vs. Stylebuilt Accessories, 250 AD2d 830; Zappi vs. Pedigree Ski Shop, 244 AD2d 331; Shafir vs. World of Chantilly, Inc., 2017 NY Slip Op 05867 [152 AD3d 814], Appellate Division, 2nd Department; and CPLR 3101 [a]; 3121 [a]; Sibley vs. Hayes 73 Corp., 126 AD2d 629, 631 [1987]; cf. Farkas vs. Orange Regional Med. Ctr., 97 AD3d 720, 722 [2012]).; Fox vs. Marshall, 91 AD3d 710, 711-712 (2nd Dept 2012); McLane vs. Damiano, 307 AD2d 338, 338 (2nd Dept 2003); Gumbs vs. Flushing Town Center III, L.P., 114 AD3d 573 (1st Dept. 2014); Felix vs. Lawrence Hosp. Ctr., 100 AD3d 470, 471 (1st Dept 2012); Noble vs. Ackerman, 216 AD2d 140 (1st Dept 1995); Iseman vs. Delmar Med.-Dental Bldg., 113 AD2d 276 (3rd Dept 1985); Barnes vs. Habuda, 118 A.D.3d 1443 (4th Dept 2014); Romance vs. Zavala, 98 AD 3d 726 - NY: (Appellate Div., 2nd Dept. 2012); McFarlane vs. County of Suffolk, 60 AD3d 918, 918 [2009]; Gill vs. Mancino, 8 AD3d 340, 341 [2004]; Carboni vs. New York Med. Coll., 290 AD2d 473, 473 [2002]; Paglen vs. Shane, 2016 NY Slip Op 50992(Sup. Ct. 2016); and Schiavone vs. Keyspan Energy Delivery NYC, 89 AD3d 916, 933 N.Y.S.2d 310 [2nd Dept. 2011]). Notwithstanding the Plaintiff's objection, annexed hereto are copies of medical records and/or reports from the Plaintiff's, DANIEL BAE, treating physicians and/or health care providers, related to the subject accident:

Rockland and Bergen Surgery Center
133 North Kinderkamack Road
Montvale, New Jersey 07645

- Lumbar Spine Operative Report dated 04/24/2021.

Hudson Pain Associates, P.C.
132-28 41st Avenue, Suite 2D
Flushing, New York 11355

- Initial Consultation and Evaluation Report dated 04/13/2021.

Daniel J. Yoo, M.D.
154-08 Northern Boulevard
Flushing, New York 11354

- Initial Consultation and Evaluation Report dated 04/17/2021.

Colin Clarke, M.D.
164-10 Crocheron Avenue
Flushing, New York 11358

- Initial Consultation and Evaluation Report dated 03/18/2021;
- Follow-Up Evaluation Reports dated 05/06/2021, 06/24/2021, 09/02/2021, 10/07/2021 and 12/16/2021; and
- Trigger Point Injection Procedure Reports dated 03/18/2021, 05/06/2021, 09/02/2021, 10/07/2021 and 12/16/2021.

Chiropractic Exam Work, P.C.
84-16 Jamaica Avenue
Woodhaven, New York 11421

- Initial Consultation and Evaluation Report dated 05/18/2021; and
- NCV/EMG Electrodiagnostic Testing Results/Report dated 05/18/2021.

Nara Rehabilitation & Physical Therapy
164-10 Crocheron Avenue
Flushing, New York 11358

- Initial Chiropractic Consultation and Evaluation Report dated 03/09/2021;
- Chiropractic Re-Evaluation Notes dated 04/17/2021, 06/03/2021, 07/31/2021, 09/21/2021 and 10/07/2021;
- Chiropractic Daily Progress Notes dated from 03/09/2021 through 12/16/2021;
- Initial Physical Therapy Consultation and Evaluation Report dated 03/09/2021; and
- Physical Therapy Daily Progress Notes dated from 03/09/2021 through to 12/16/2021.

RAND Diagnostic Imaging
138-48 Avenue
Flushing, New York 11365

- MRI Report of the Left Knee dated 04/03/2021;
- MRI Report of the Right Knee dated 04/03/2021;
- MRI Report of the Cervical Spine dated 04/03/2021; and
- MRI Report of the Lumbar Spine dated 04/03/2021.

Annexed hereto are duly executed and acknowledged written authorizations permitting the attorneys for the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, to obtain and make copies of the records of the above-noted health care providers, relating to the Plaintiff, DANIEL BAE.

8.     (a) – (b)  **DEMAND FOR OPPOSING PARTY STATEMENTS**

Other than such documents as may be public record, including but not limited to any Police Accident Report, and other than as the parties may identify or testify to at their respective Examinations Before Trial, none.

9.     (a) – (e)  **DEMAND FOR EXPERT WITNESSES**

The Plaintiff, DANIEL BAE, has not selected any expert witness(es) expected to testify at the time of trial of this action. The Plaintiff, DANIEL BAE, reserves the right to select an expert(s) within the time parameters set forth and contained under CPLR § 3101(d).

10.    **DEMAND FOR PHOTOGRAPHS and/or VIDEO**

Annexed hereto are color copies of three (3) photographs depicting the damage sustained to the Plaintiff's, DANIEL BAE, motor vehicle as a result of the subject accident.

In addition, the Plaintiff, DANIEL BAE, is in possession of a video recording, related to the subject accident. Please provide a valid email address so that said video recording can be provided.

11.      **DEMAND FOR ACCIDENT REPORTS**

Other than such accident reports as are public record, the Plaintiff, DANIEL BAE, is not in possession of any additional accident reports or statements.

12.      (a) – (d) **DEMAND FOR WITNESSES**

Other than individual parties, and other than as the parties may identify during the testimony at their respective Examinations Before Trial, and other than such persons as may be identified in the Police Accident, Incident and/or Aided Reports, the Plaintiff, DANIEL BAE, is not aware of any other witnesses to the subject accident. If the Plaintiff, DANIEL BAE, learns the identity of any witnesses, such information will be disclosed to the attorneys for the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX.

13.      **DEMAND FOR COLLATORAL SOURCE INFORMATION**

The Plaintiff, DANIEL BAE, received No-Fault benefits provided by:

Travelers Insurance Company
P.O. Box 430
Buffalo, New York 14240
Claim No.: IIK1737

Annexed hereto is a duly executed and acknowledged written authorization permitting the attorneys for the Defendants, CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX, to obtain copies of the Plaintiff's, DANIEL BAE, No-Fault file and/or records, related to the subject accident, from Travelers Insurance Company.

14.      **DEMAND FOR MEDICAL INFORMATION**

Please refer to item number 7 above.

15.      **DEMAND FOR PROOF OF RESIDENCY**

At the time of the subject accident and presently, the Plaintiff, DANIEL BAE, resided and resides at 173-40 47th Avenue, Flushing, New York 11358.

16.      **DEMAND FOR CONTRACTS**

Not applicable. The Plaintiff, DANIEL BAE, is not in possession of copies of any contracts and/or leases in relation to this matter.

17.      (a) – (b) **DEMAND FOR INSURANCE INFORMATION**

Please refer to item number 13 above.

18.      **DEMAD FOR AFFIDAVITS OF SERVICE**

A response to this demand can be obtained from the New York State Courts Electronic Filing (NYSCEF) system.

19. <u>**DEMAND FOR STATEMENT OF DAMAGES**</u>

As a result of the subject accident and the injuries she sustained therefrom, the Plaintiff, DANIEL BAE, deems himself entitled to the amount of $1,000,000.00 in total damages.

20. <u>**DEMAND FOR SCHOOL RECORDS**</u>

Not applicable. The Plaintiff, DANIEL BAE, was not a student at the time of the subject accident.

21. <u>**DEMAND FOR EMPLOYMENT RECORDS**</u>

Please refer to item number 6 above.

22. <u>**DEMAND FOR WORKERS' COMPENSATION RECORDS**</u>

Not applicable. The Plaintiff, DANIEL BAE, has not made any claims for Workers' Compensation benefits as a result of the subject accident and the injuries he sustained therefrom.

23. <u>**DEMAND FOR NO-FAULT INSURANCE AUTHORIZATIONS**</u>

Please refer to item number 13 above.

24. <u>**DEMAND FOR SOCIAL SECURITY/DISABILITY RECORDS**</u>

Not applicable. The Plaintiff, DANIEL BAE, has not made any claims for Social Security Disability benefits as a result of the subject accident and the injuries he sustained therefrom.

25. <u>**DEMAND FOR INSURANCE COVERAGE**</u>

Please refer to item number 13 above.

Dated: Garden City, New York
April 26, 2022

Yours etc.,

SACKSTEIN, SACKSTEIN & LEE, LLP.

Mark J. DeCicco, Esq.
Attorneys for Plaintiff
DANIEL BAE
1140 Franklin Avenue, Suite 210
Garden City, New York 11530
(516) 248-2234

To:   GALLO VITUCCI KLAR, LLP.
       Attorneys for Defendants
       CHARM CITY TRUCKING LLC and ROBERT KENNETH BAUX
       90 Broad Street, Suite 1202
       New York, New York 10004
       (212) 683-7100
       File No.: CI.2022002